[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties are parents of of Ryan and Jourdain Cowie, both born on October 10, 1996, and were divorced on November 2, 1999. At that time, both were employed at U.S. Surgical in responsible positions. The wife's responsibilities, however, required her to travel extensively. In 1998, she was away for one hundred sixty days, and in 1999 she traveled on business for one hundred forty one days.[1] At the time of the dissolution, the parties agreed to joint legal custody but provided that the husband would be the primary residential custodian of the children. They established residences within a few miles of each other in Cheshire.
In December, 2000, the husband took a job in New Jersey and relocated there with the boys.[2] Although they lived in short term housing for several months, he soon purchased a home in Fredon Township, a community CT Page 9737 in Sussex County which was an hour further from the wife's Cheshire home than the place he had initially settled in Little Falls, not far from his West Patterson office. The husband's move was prompted by a concern that he would not be able to keep his job at U.S. Surgical and by his belief that it would provide greater opportunities and income. While his initial salary was higher than he had earned in Connecticut, it was not substantially higher, and the fact that no one in his work group at U.S. Surgical lost employment suggests that his fears of future unemployment there were not completely founded. However, his salary and bonuses since his move make clear that he was correct in his belief that his new job would afford him greater opportunities and income. Less than two years after moving, he earns approximately twice what he had earned in Connecticut. Moreover, he has managed the boys' day care and schooling very well and has established a stable and caring environment for them.
The wife is very angry at him for having relocated. To some degree, her anger is misplaced. She was able to meet the rigorous requirements of her very responsible job — and to prosper professionally — in large measure because he was available to function as a full time parent. His role as a parent was not to be a place-holder for her until she became more available, and her evident expectation to the contrary cannot be given credence in considering the best interests of the children. Moreover, her continuing anger has made it impossible for the parties to communicate effectively on issues concerning the boys.
Two things have occurred since the husband's relocation to New Jersey. First, his remarriage gave him the opportunity to move to a community approximately an hour closer to the wife's Connecticut residence, easing the difficulty in transporting the children for visitation. Secondly, the wife sold her own home and purchased another one. While that is not in itself momentous, when she moved, she had an opportunity to locate to a home near her Norwalk office, approximately an hour closer to the place the boys lived, but chose instead to remain in the same community. She presently plans to relocate to northern New Jersey and to commute to Norwalk.
Although the relocation took place nearly two years ago, the court has considered the factors set forth by our Supreme Court in Ireland v.Ireland, 246 Conn. 413 (1998). That decision required the court to consider the following:
 "[E]ach parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and non-custodial parents, the impact of the move on the quantity and quality of the child's future contact with the non-custodial parent, CT Page 9738 the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the non-custodial parent and the child through suitable visitation arrangements . . . the negative impact, if any, from continued or exacerbated hostility between the custodial and non-custodial parents, and the effect the move may have on any extended family relationships.
Id. 431-32. These factors are not exclusive, and no single factor may be presumed to have dispositive weight. Id., 434. The party seeking relocation has the burden of establishing that the move is for an appropriate reason, considering the above factors, and under the burden shifting requirements of Ireland, the party opposing the move has the burden of proving that that the move would not be in the best interests of the child Id., 428-29.
The wife has moved, inter alia, to modify the judgment's provisions concerning the primary residence of the children.[3] The children's attorney[4] urges the court to grant the wife's motion, at least in part, by designating a shared parenting arrangement so that, if the wife relocates to New Jersey the courts there which will then have jurisdiction will have an indication of the fact that both parents should be in the children's lives. The court declines to do so. First, the wife's proposed move is only speculative. Secondly, it is not in the best interests of the children that their parents have a shared custody arrangement, irrespective of where they live. The history and the facts of the case do not justify such a result, a conclusion buttressed by the wife's inability to communicate effectively with the husband concerning them. Rather, it is in the best interests of the children that the current custodial orders remain in place.
This does not mean that the wife should not have a substantial role in their lives, or that she should not spend considerable time with them. She provides a rich heritage, an example of achievement, a commitment to their involvement in her extended family, and considerable love. The children's attorney correctly urges, and the court concludes, that the children's mother should not be a guest in their lives. The court finds, however, that the husband has not marginalized the mother's involvement, and will not do so in the future. The court also finds that the wife's attitude toward the husband makes it more difficult for him to involve her.
The court's conclusions are based upon its findings of fact, its CT Page 9739 evaluation of the demeanor and credibility of the parties, its conclusions drawn from the recommendations of the children's attorney, and its determination of what is in the best interests of the children.
The motion to modify custody is denied. All existing orders will remain in effect. So ordered.
BY THE COURT,
GRUENDEL, J.